# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                    Case No.  6:09-cr-75-Orl-31KRS

MITCHELL ROY HOLLAR

_____

### Sentencing Memorandum

This matter came before the Court for sentencing on _11/18/10_  _and 1/18/11_, ~~2010~~. The

United States was represented by AUSA _Tanya Wilson_. Defendant was present with his

counsel, _Stephen Langs_. Also present were:

_LaQuita Davis_ (Probation Officer)

_____ (Case Agent)

On _6/29/10_, Defendant [X] plead guilty to [ ] was convicted of the

following offense(s):

_Count 1 - disin g Child porn, 18 USC 2252 A (a)(2) A & (b)(1)_

_2 - possessing "  , 18 " 2252 (a)(5)(3) & (b)(2)_

The offense(s) carry the following statutory penalties:

_Count 1: 5-20 yrs_

_2 up to 10 yrs_

Prior to the hearing, the Court reviewed the following document(s):

PSR dated 10/7/10. Δ's Sentencing Memo (doc 48);
Character Letters (see List); Victim impact Statements;
PTS Memo dated 11/12/10

The parties voiced the following objections to the factual content of the PSR:

Government to paragraph(s): _____ None _____

Defendant to paragraph(s): _____ None _____

Having considered these objection(s), the Court rules as follows:

N/A

The PSR calculated a USSG score of _____ 34 – I _____. The parties voiced the following

objection(s) to this score:

Government: _____ None _____

Defendant: _____ All enhancements _____

Considering the above, the Court rules as follows:

Overruled, but objections will be considered
in connection w/ 3553(a) Sentencing
discretion.

Departures:

By Government: _____ None _____

By Defendant: _____ None _____

The applicable advisory guideline score is _____ 34 - I _____.

A USSG score of _____ 34 - I _____ suggests the following punishment:

Incarceration: _____ 151 _____ to _____ 188 _____ months;

Fine of $ _____ 17,500 _____ to $ _____ 175,000 _____;

Supervised release of _____ 5 YRS _____ to _____ life _____ years;

Restitution of $ _____ 0 _____

Special Assessment of $ _____ 200 _____.

Pursuant to *Booker*, *Kimbrough*, *Gall*, and *Spears*, this score provides a benchmark from which the Court must consider the factors set forth in 18 U.S.C. Sec. 3553(a).

The Court has considered the following policy-related factors in connection with the guideline score in this case:

The court given little weight to this guideline score for the reasons expressed in numerous opinions, including those listed on attached App. A.

Policy related adjustments to the guideline score: _____ 25 - T _____

_____

_____

The Court considered the following additional evidence introduced by the parties:

(1)   The Government: _____ D's Statement + Argument by _____

Counsel _____

_____

(2)   The Defendant: _____ D's Statement + argument _____

by Counsel _____

_____

In light of the above and pursuant to 18 U.S.C. Sec. 3553 (a), I have considered the following:

(1)   The seriousness of the offense: _____ ✓ _____

_____

(2)   The history and characteristics of the Defendant: Δ is 54 yrs old w/ no

prior criminal record; Sexually abused as a child; History of stable

employment; Loving + supportive family; Successful Treatment; Compliant

w/ Terms of s/R.

(3) The need to impose a sentence sufficient but not greater than necessary to:

    (a)   Reflect the seriousness of the offense: _____ ✓ _____

    (b)   Promote respect for the law: _____ ✓ _____

    (c)   Provide just punishment: _____ ✓ _____

-4-

    (d)    Afford adequate deterrence: ✓

    (e)    Protect the public from further crimes of the Defendant: ✓

    (f)    Provide Defendant with needed and effective education,

        training and treatment: ✓

(4)    In addition, I have considered the following statutory factors:

    (a)    the kinds of sentences available ✓

    (b)    the Guideline sentencing range and pertinent USSC

        policy statements ✓

    (c)    the need to avoid unwarranted sentencing disparities ✓

    (d)    the need to provide restitution N|A

Considering each of these factors as appropriate and applicable, the Court finds that the following sentence is appropriate:

    Incarceration    _60_

    Supervised Release    _7 yrs_

    Fine    _— 0 —_

    Restitution    _— 0 —_

This sentence [   ] is within the applicable guideline [X] is above/below the guideline and represents a _60_ % variance below/above the bottom/top of the guideline score.

Findings relevant to the sentence imposed:

D's age (54) is a mitigating factor

No evidence of inappropriate contact w/ children.

Probation recommends a downward variant sentence

Δ is Truly remorseful

Low Risk of recidivism

Little Need to protect society from further

crimes by This Δ.

Avoid sentencing disparity — See App B

**DONE** and **ORDERED** in Chambers in Orlando, Florida on 1/18/11, ~~2010~~.

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
MITCHELL ROY HOLLAR

-6-

Appendix A

Opinions relied upon by U.S. District Judge Gregory A. Presnell which reject, on policy grounds, the viability of USSG 2G2.2:

*United States v. Dorvee,* 604 F.3d 84 (2nd Cir. 2010) *amended and superseded by* 616 F.3d 174 (2nd Cir. 2010)

*United States v. Grober*, 595 F. Supp. 2d 382 (D. N.J., 12/22/08); *aff'd* 2010 WL 4188237 (3d Cir. Oct. 26, 2010)

*United States v. Hanson*, 561 F. Supp. 2d 1004 (E.D. Wis., 6/20/08)

*United States v. Johnson*, 588 F. Supp. 2d 997 (S.D. Iowa 12/4/08)

*United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008)

*United States v. Smith*, 2010 WL 3910321 (E.D. Wis. Oct. 4, 2010)

*See also* below-guideline sentences affirmed by Eleventh Circuit as substantively reasonable:

*United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006)

*United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007)

Appendix B

Pertinent Statistics Regarding USSG 2G2.2

- For the period 2007-2009, 43% of the sentences imposed nationwide under USSG 2G2.2 were below the guideline range. The average sentence imposed was 68 months, which reflects an average percent reduction of 38%. *See* attached tables.

- 69-70% of judges think the guideline for receipt/possession of child pornography is too high; 30% think the "distribution" guidelines are too high. (Results of survey of U.S. District Judges, January - March, 2010, by USSC).

UNITED STATES SENTENCING COMMISSION
ONE COLUMBUS CIRCLE, N.E.
SUITE 2-500, SOUTH LOBBY
WASHINGTON, D.C.  20002-8002
(202) 502-4500
FAX (202) 502-4699



June 15, 2010

Judge Gregory A. Presnell
United States District Court
Middle District of Florida
401 West Central Boulevard, Suite 5750
Orlando, Florida 32801-0575

Re: USSG 2G2.2

Dear Judge Presnell:

In response to your request, attached are 14 tables presenting information on cases sentenced pursuant to USSG 2G2.2 receiving a non-government sponsored below range sentence for the fiscal years 2007, 2008, and 2009. There is a table for the nation as a whole, each Federal Circuit, and the Middle District of Florida. Each table presents information on the total number of cases, the number receiving a non-government sponsored below range sentence, the average applicable guideline minimum for these cases, the average sentence imposed, and the average percent reduction below the bottom of the guideline range.

The DC and 1st Circuits have very few of these cases and conclusions regarding that data should be made very cautiously. The remaining circuits and the Middle District of Florida have more such cases for analysis. For the nation as a whole, the percent reduction in fiscal year 2007 was, on average, 36.3 percent below the bottom of the applicable guideline range for those cases receiving a non-government sponsored below range sentence. The corresponding national average percent reduction in fiscal year 2008 is 38.5 percent and 40.3 percent in fiscal year 2009. While there is some variation among the circuits, the data indicate greater similarity among the circuits than differences.

I hope that this is responsive to your request. Should you have any questions or would like any additional information, please feel free to contact me at 202 - 502 - 4533, or by email (lreedt@ussc.gov) if that is more convenient.

Respectfully

Lou Reedt, ScD
Office of Research and Data

Below Range Sentences[1] for Child Pornography Cases (§2G2.2)
**All Districts**
Fiscal Year 2007 through 2009[2]

| Year | Total | Below Guideline Range | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Number | Percent | Average Guideline Minimum[3] | Average Sentence[4] | Average Percent Reduction |
| 2007 | 853 | 263 | 30.8 | 107 | 71 | 36.3 |
| 2008 | 1,255 | 528 | 42.1 | 106 | 67 | 38.5 |
| 2009 | 1,546 | 797 | 51.6 | 111 | 68 | 40.3 |

[1] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[2] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[3] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[4] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

### Below Range Sentences[9] for Child Pornography Cases (§2G2.2)
### Middle District of Florida
### Fiscal Year 2007 through 2009[10]

| Year | Total | Below Guideline Range | | | | |
|---|---|---|---|---|---|---|
| | | Number | Percent | Average Guideline Minimum[11] | Average Sentence[12] | Average Percent Reduction |
| 2007 | 27 | 15 | 55.6 | 109 | 72 | 34.8 |
| 2008 | 53 | 26 | 49.0 | 106 | 62 | 41.4 |
| 2009 | 51 | 36 | 70.6 | 111 | 70 | 38.8 |

---

[9] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[10] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[11] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[12] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[13] for Child Pornography Cases (§2G2.2)
DC Circuit
Fiscal Year 2007 through 2009[14]

| Year | Total | Below Guideline Range | | | | |
|---|---|---|---|---|---|---|
| | | Number | Percent | Average Guideline Minimum[15] | Average Sentence[16] | Average Percent Reduction |
| 2007 | 2 | 0 | 0.0 | NA | NA | NA |
| 2008 | 7 | 3 | 42.9 | 135 | 87 | 48.4 |
| 2009 | 19 | 13 | 68.4 | 130 | 76 | 46.1 |

---

[13] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[14] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[15] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[16] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[17] for Child Pornography Cases (§2G2.2)
1st Circuit
Fiscal Year 2007 through 2009[18]

| Year | Total | Below Guideline Range | | | | |
|------|-------|--------|---------|----------------------------------|-------------------|------------------------------|
| | | Number | Percent | Average Guideline Minimum[19] | Average Sentence[20] | Average Percent Reduction |
| 2007 | 29 | 5 | 17.2 | 85 | 63 | 38.2 |
| 2008 | 26 | 10 | 38.5 | 85 | 63 | 31.3 |
| 2009 | 28 | 11 | 39.3 | 92 | 56 | 50.9 |

[17] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[18] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[19] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[20] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[21] for Child Pornography Cases (§2G2.2)
2nd Circuit
Fiscal Year 2007 through 2009[22]

| Year | Total | Below Guideline Range | | | | |
|------|-------|--------|---------|-----------------------------------|-------------------|-------------------------------|
| | | Number | Percent | Average Guideline Minimum[23] | Average Sentence[24] | Average Percent Reduction |
| 2007 | 65 | 26 | 40.0 | 127 | 61 | 55.8 |
| 2008 | 115 | 64 | 55.6 | 101 | 59 | 41.2 |
| 2009 | 115 | 65 | 56.5 | 112 | 62 | 47.0 |

[21] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[22] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[23] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[24] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[25] for Child Pornography Cases (§2G2.2)
3rd Circuit
Fiscal Year 2007 through 2009[26]

| Year | Total | Below Guideline Range | | | | |
|------|-------|--------|---------|------------------------------------|-----------------------------|------------------------------|
| | | Number | Percent | Average Guideline Minimum[27] | Average Sentence[28] | Average Percent Reduction |
| 2007 | 57 | 20 | 35.1 | 88 | 65 | 29.2 |
| 2008 | 102 | 37 | 36.3 | 73 | 53 | 31.1 |
| 2009 | 128 | 84 | 65.6 | 107 | 63 | 42.4 |

[25] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[26] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[27] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[28] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[29] for Child Pornography Cases (§2G2.2)
4th Circuit
Fiscal Year 2007 through 2009[30]

| Year | Total | Below Guideline Range | | | | |
| | | Number | Percent | Average Guideline Minimum[31] | Average Sentence[32] | Average Percent Reduction |
|---|---|---|---|---|---|---|
| 2007 | 72 | 15 | 20.8 | 85 | 59 | 32.7 |
| 2008 | 109 | 36 | 33.0 | 112 | 73 | 35.4 |
| 2009 | 142 | 67 | 47.2 | 102 | 68 | 35.1 |

---

[29] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[30] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[31] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[32] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[33] for Child Pornography Cases (§2G2.2)
5th Circuit
Fiscal Year 2007 through 2009[34]

| Year | Total | Below Guideline Range | | | | |
| | | Number | Percent | Average Guideline Minimum[35] | Average Sentence[36] | Average Percent Reduction |
|------|-------|--------|---------|-------------------------------|----------------------|----------------------------|
| 2007 | 86 | 8 | 9.3 | 130 | 76 | 47.4 |
| 2008 | 108 | 23 | 21.3 | 133 | 82 | 38.4 |
| 2009 | 142 | 43 | 30.3 | 114 | 70 | 40.2 |

[33] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[34] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[35] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[36] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[37] for Child Pornography Cases (§2G2.2)
6th Circuit
Fiscal Year 2007 through 2009[38]

| Year | Total | Below Guideline Range | | | | |
| | | Number | Percent | Average Guideline Minimum[39] | Average Sentence[40] | Average Percent Reduction |
|---|---|---|---|---|---|---|
| 2007 | 90 | 34 | 37.7 | 127 | 85 | 33.6 |
| 2008 | 118 | 53 | 44.9 | 120 | 80 | 37.1 |
| 2009 | 126 | 64 | 50.8 | 121 | 72 | 41.5 |

---

[37] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[38] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[39] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[40] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[41] for Child Pornography Cases (§2G2.2)
7th Circuit
Fiscal Year 2007 through 2009[42]

| Year | Total | Below Guideline Range | | | | |
|---|---|---|---|---|---|---|
| | | Number | Percent | Average Guideline Minimum[43] | Average Sentence[44] | Average Percent Reduction |
| 2007 | 57 | 12 | 21.0 | 115 | 82 | 30.5 |
| 2008 | 75 | 33 | 44.0 | 126 | 83 | 37.8 |
| 2009 | 76 | 31 | 40.8 | 137 | 100 | 30.6 |

[41] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[42] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[43] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[44] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[45] for Child Pornography Cases (§2G2.2)
8th Circuit
Fiscal Year 2007 through 2009[46]

| Year | Total | Below Guideline Range | | | | |
| | | Number | Percent | Average Guideline Minimum[47] | Average Sentence[48] | Average Percent Reduction |
|---|---|---|---|---|---|---|
| 2007 | 82 | 11 | 13.4 | 94 | 68 | 35.2 |
| 2008 | 139 | 50 | 36.0 | 108 | 72 | 36.9 |
| 2009 | 192 | 87 | 45.3 | 121 | 74 | 37.2 |

[45] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[46] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[47] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[48] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[49] for Child Pornography Cases (§2G2.2)
9th Circuit
Fiscal Year 2007 through 2009[50]

| Year | Total | Below Guideline Range | | | | |
|------|-------|-----------------------|---|---|---|---|
| | | Number | Percent | Average Guideline Minimum[51] | Average Sentence[52] | Average Percent Reduction |
| 2007 | 152 | 71 | 46.7 | 93 | 64 | 33.9 |
| 2008 | 227 | 122 | 53.7 | 99 | 57 | 44.2 |
| 2009 | 310 | 192 | 61.9 | 101 | 61 | 40.8 |

---

[49] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[50] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[51] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[52] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

### Below Range Sentences[53] for Child Pornography Cases (§2G2.2)
### 10th Circuit
### Fiscal Year 2007 through 2009[54]

| Year | Total | Below Guideline Range | | | | |
|------|-------|------------------------|----------|----------------------------------------|-------------------------------|-----------------------------------|
| | | Number | Percent | Average Guideline Minimum[55] | Average Sentence[56] | Average Percent Reduction |
| 2007 | 59 | 18 | 30.5 | 103 | 66 | 38.3 |
| 2008 | 92 | 47 | 51.1 | 96 | 63 | 35.1 |
| 2009 | 93 | 50 | 53.8 | 91 | 54 | 41.0 |

---

[53] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[54] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[55] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[56] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.

Below Range Sentences[5] for Child Pornography Cases (§2G2.2)
11th Circuit
Fiscal Year 2007 through 2009[6]

| Year | Total | Below Guideline Range | | | | | |
|------|-------|--------|---------|-----------------------------------|--------------------|-------------------------------|
| | | Number | Percent | Average Guideline Minimum[7] | Average Sentence[8] | Average Percent Reduction |
| 2007 | 102 | 43 | 42.2 | 122 | 82 | 34.6 |
| 2008 | 137 | 50 | 36.5 | 114 | 74 | 36.0 |
| 2009 | 175 | 90 | 51.4 | 128 | 80 | 39.1 |

---

[5] "Below Range Sentences" do not include substantial assistance departures or Early Disposition departures.

[6] Only cases in which all sentencing documents were submitted to the Sentencing Commission are included in this analysis. Also, the Child Pornography guidelines were drastically amended on November 1, 2004, and only cases that are subject to these amended guidelines are used in this analysis.

[7] Any guideline minimum greater than 470 months, including "Life", were capped at 470 months.

[8] Any sentence greater than 470 months, including "Life" sentences, were capped at 470 months.

SOURCE: United States Sentencing Commission Data File OPAFY2007 - OPAFY2009.